24 P.(2d) 288

**SCHARBAUER v. GRAHAM et al.**

No. 3529.

Supreme Court of New Mexico.

April 24, 1933.

Rehearing Denied May 31, 1933.

J. O. Seth, of Santa Fé, and James W. Stagner and Caswell S. Neal, both of Carlsbad, for appellant.

Reese & Reese, of Roswell, for appellee.

HUDSPETH, Justice.

After a rehearing we have concluded to withdraw the original opinion filed in this cause on August 20, 1932.

Four contests against grazing leases of state lands situate in Lea county which had been issued to appellee were instituted by the appellant before the commissioner of public lands. After hearing, the four causes were decided in favor of appellee by the commissioner, who filed opinions embracing findings of fact. Pursuant to section 132-184 of the New Mexico Statutes, 1929 Compilation, appeals were prosecuted to the district court of Lea county, where, by stipulation, the causes were consolidated. From the judgment of the district court affirming the orders of the commissioner in the consolidated cause, this appeal is prosecuted.

It was stipulated that the record of the entire proceedings before the commissioner of public lands in the contests of the four leases, as shown by the transcript of said proceedings certified to the district court, should "be considered by the court for all intents and purposes as the evidence and record in said consolidated cause No. 1000." It was further stipulated that the cause should be submitted to the district court upon briefs and written requested findings of fact and conclusions of law. The record does not contain requested findings of fact of appellant, if any were submitted, and the only objection or exception to the findings or to the judgment, which dismissed the contests and affirmed and sustained the opinions of the commissioner of public lands, appears at the end of the judgment, as follows, to wit: "To all of which the contestant, John Scharbauer, by his counsel, duly excepts."

The district court adopted the findings of fact made by the commissioner, which, so far as material, may be summarized as follows:

Four leases issued to appellee by the commissioner of public lands of New Mexico were assigned by appellee to the First National Bank of Carlsbad to secure his indebtedness to said bank. These assignments were treated by the parties as having the effect of mortgages. After the expiration of the terms of these leases the mortgage assignments were foreclosed in a suit brought in the district court of Eddy county by the assignee bank. In said suit appellee was personally served with process. Pursuant to the decree entered in said cause, the said leases "and any and all renewals thereof" were sold by the special master to appellant. This sale was duly confirmed by the said district court of Eddy county, and assignments executed by the special master, attempting to transfer to appellant leases on the lands which had been issued to appellee by the commissioner of public lands upon the termination of the original leases, were filed with the commissioner, who refused to transfer the leases from appellee to appellant pursuant to said decree.

The commissioner found that the assignment of lease No. 13466, for section 16, township 18 south, range 36 east, N. M. P.

M. "does not bear any approval by the Commissioner, nor is there anything in the record to show that the Commissioner of Public Lands ever consented in writing to the said assignment."

Appellant challenges the correctness of this finding. However, under the well-established rule that this court will not review findings of fact to which specific objections have not been taken in the trial court, we are precluded from considering this assignment of error, and will treat the finding as correct. The assignment of lease No. 13466, having been made without the approval of the commissioner, and being, therefore, under section 132-119 of the New Mexico Statutes, 1929, Compilation, void, appellant's claim to a leasehold on the land covered by the original lease No. 13466 must be denied.

 The assignments by Graham to the First National Bank of Carlsbad of the other three original leases were approved by the commissioner. As to the lands covered by these leases, the question presented by this appeal is whether, where a grazing lease executed by the commissioner of public lands is assigned by the lessee as collateral security, which assignment is approved by the commissioner, the assignee thereof is entitled to enforce the assignment as collateral security against any renewals of the original lease made subsequently to the original lease.

The assignments involved in the case at bar purported to transfer all the rights of the lessee under the lease. The original leases executed by the commissioner to the lessee, Graham, contained no covenants for, or reference to, renewals. However, the provisions of section 132-120 of the 1929 Compilation of the New Mexico Statutes, giving a tenant in possession under a lease from the commissioner, a "preference right" of renewal, may be considered to have been incorporated into the leases. Whether the commissioner of public lands has, or can by a statute of this state be given, the power to confer upon a lessee a legal right or option to renew a five-year lease without subjecting the commissioner to the provisions of section 10 of the Enabling Act relative to publication and advertisement, we are not called upon here to determine. See Campbell v. Muleshoe Cattle Co., 24 Ariz. 620, 212 P. 381. For we are of the opinion that, regardless of whether or not the lessee, Graham, had, by virtue of each of his original leases, a legal *right* to a renewal, as against the commissioner, the equitable principle that, where a leasehold interest is mortgaged as security for a debt, the lien of such mortgage attaches to a renewal obtained by the lessee-mortgagor, applies here. The theory is that, as between the mortgagor and mortgagee, the renewal lease is to be regarded as merely a continuation of the original lease, and the operation of the principle is not defeated by the fact that the lease assigned contained no covenant of renewal. Wunderlich v. Reis, 31 Hun (N. Y.) 1; Jones v. Slauson (C. C.) 33 F. 632; Mitchell v. Reed, 61 N. Y. 123, 19 Am. Rep. 252; Underhill, Landlord and Tenant, pp. 1103, 1104.

For, as was said in Phyfe v. Wardell, 5 Paige (N. Y.) 269, 279, 28 Am. Dec. 430: "Although, as between landlord and tenant, the complainant had no legal or equitable right to a renewal, as it depended upon the mere volition of his landlord, yet, in regard to third persons, he had an interest which a court of equity recognizes as a valuable and vendible interest. The rule on this subject is, that if a person who has a particular or special interest in a lease, obtains a renewal thereof from the circumstance of his being in possession as tenant, or from having such particular interest, the renewed lease is, in equity, considered as a mere continuance of the original lease, subject to the additional charges upon the renewal, for the purpose of protecting the equitable rights of all parties who had any interest either legal or equitable, in the old lease."

Since the land commissioner gave his approval to the assignments of the original leases, and since the liens of the mortgage assignments attached, under the principle above enunciated, to the renewal leases issued to Graham, we think that the commissioner had not the discretion to refuse to consent to the assignment of the renewal leases made by the special master under the foreclosure sales to Scharbauer. In consenting to the original assignment by Graham, the commissioner may reasonably be considered to have impliedly consented to whatever steps it might be necessary for the mortgagee to take to enforce the liens of the mortgages, and to recognize rights in the leases acquired by virtue of proceedings to foreclose such mortgage liens. To hold otherwise would destroy, or at least greatly impair, the value as security of mortgages on these leaseholds and make the securing of the Commissioner's consent to such mortgages little more than a futile gesture.

It may be noted in passing that the Eleventh Legislature passed an act, approved March 14, 1933, and known as House Bill No. 205, relative to assignments of leases on state lands, which, though of course not applicable to the assignments involved in the present controversy, will, as to assignments hereafter executed, prevent the situation illustrated by this appeal from arising.

Some other points are raised in the briefs which we consider to be without merit and which we shall therefore not dilate upon.

The judgment of the district court is affirmed as to the land covered by original lease No. 13466. As to the other three leaseholds the judgment is reversed. The case is remanded to the district court, with orders to proceed in accordance with the views expressed in this opinion. It is so ordered.

WATSON, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.